UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
IRWAN CHANDRA,                                                          :
                                                                        :
                                    Plaintiff,                          :
                                                                        :                21-CV-7113 (JMF)
                -v-                                                     :
                                                                        :                ORDER
LYFT, INC.,                                                             :
                                                                        :
                                    Defendant.                          :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On August 23, 2021, Plaintiff filed a Complaint in which he invoked the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).  *See* ECF No. 1, ¶ 7.  Although Plaintiff alleges that he is a "resident" of New York, he does not allege his state of citizenship.  *Id.* ¶ 4.  This is not enough.  *See, e.g.*, *Davis v. Cannick*, No. 14-CV-7571 (SJF) (SIL), 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) ("[A] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists.  For the purpose of diversity jurisdiction, a statement of the parties' residence is insufficient to establish their citizenship." (internal quotation marks and citation omitted)); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.,* 126 F.3d 100, 103 (2d Cir. 1997) ("[A[llegations of residency alone cannot establish citizenship . . . .").  Further, Plaintiff alleges that Defendant is a "Delaware corporation headquartered in San Francisco, California," but he does not allege Defendant's principal place of business.  ECF No. 1, ¶ 6.  This also does not suffice.  *See, e.g.*, *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019) ("A corporation shall be deemed to be a citizen of every State by which it has been incorporated and of the State where it has its principal place of business." (cleaned up) (quoting 28 U.S.C. § 1332(c)(1))); *accord Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).

      Accordingly, no later than **August 31, 2021**, Plaintiffs shall file an amended complaint properly alleging the *citizenship* of each party to this action.  If, by that date, Plaintiff does not file an amended complaint establishing this Court's subject-matter jurisdiction, the Court will dismiss the case without prejudice and without further notice to any party.

      SO ORDERED.

Dated: August 24, 2021
       New York, New York
                                                      JESSE M. FURMAN
                                                      United States District Judge